ORDERED ACCORDINGLY.

Dated: September 19, 2013



George B. Nielsen, Bankruptcy Judge

ADAM HAUF 026702
OF COUNSEL WITH
THE FORAKIS LAW FIRM
5400 W. NORTHERN AVE, SUITE 103
GLENDALE, AZ 85301
P: 623.252.0742 F: 623.321.2310
ADAM@HAUFLAW.COM
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

In re

ALICE HAYS HOESCH

Debtor.

Case No. 2:10-bk-25414-GBN

In Proceedings Under Chapter 13

STIPULATED ORDER CONFIRMING FIRST MODIFIED CHAPTER 13 PLAN

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

IT IS ORDERED confirming the First Modified Chapter 13 Plan of the Debtor as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the trustee for distribution under the Plan.

(1) <u>Future Earning or Income</u>. Debtors shall make the following monthly plan payments:

| Months | Dates | Amount |
|---|---|---|
| 1-2 | September 2010-October 2010 | $400.00 |
| 3 | November 2010 | $0 |
| 4-5 | December 2010-January 2011 | $400.00 |
| 6 | February 2011 | $885.00 |

In Re: Hoesch, Alice ; Case No. 2:10-bk-25414-GBN

Page 1

| | | |
|---|---|---|
| 7 | March 2011 | $501.00 |
| 8-10 | April 2011-June 2011 | $585.00 |
| 11 | July 2011 | $0 |
| 12 | August 2011 | $595.00 |
| 13 | September 2011 | $0 |
| 14 | October 2011 | $595.00 |
| 15 | November 2011 | $0 |
| 16-17 | December 2011-January 2012 | $595.00 |
| 18 | February 2012 | $0 |
| 19 | March 2012 | $595.00 |
| 20 | April 2012 | $600.00 |
| 21 | May 2012 | $1,800.00 |
| 22-24 | June 2012-August 2012 | $0 |
| 25 | September 2012 | $600.00 |
| 26-27 | October 2012-November 2012 | $0 |
| 28-29 | December 2012-January 2013 | $735.00 |
| 30-60 | February 2013-August 2015 | $1,100.00 |

The payments are due on or before the 11th day of each month commencing September 2010.

Debtors is advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide, directly to the Trustee copies of their **federal and state** income tax returns for the post-petition years of 2010-2013 within 30 days of filing them. The purpose is to assist in the Trustee in determining any change in debtor's annual disposable income.

Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts,

In Re: Hoesch, Alice ; Case No. 2:10-bk-25414-GBN

Page 2

which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders.

    (2) Other Property. In the events that other property is submitted, it shall be treated as supplemental payments. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

**(B) DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

**(C) CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) <u>Administrative expenses:</u>

    a. <u>Attorney Fees</u>: Adam Hauf, Of Counsel with The Forakis Law Firm, will seek compensation for post-petition bankruptcy representation of the Debtor with regard to the reinstatement and Confirmation of the Debtor's first modified plan by and through a separate Fee Application subject to Court approval.

In Re: Hoesch, Alice ; Case No. 2:10-bk-25414-GBN

Page 3

(3) <u>Claims Secured by Real Property:</u>

(a) CitiMortgage, Inc., secured by a first deed of trust in Debtor's residence, shall be paid the pre-petition arrearage of $8,869.38 and post-petition arrears in the amount of $3,962.14 for a total of $12,831.52 with 0.00% interest. This treatment resolves the Motion for Relief from the Automatic Stay filed by CitiMortgage and CitiMortgage agrees to such treatment as evidenced by the signature submitted of the counsel on previous submission of this Modified Stipulation Order on Confirmation (docket #68).

(4) <u>Claims Secured by Personal Property:</u>

(a) Wells Fargo Bank (Wells Fargo), secured by a lien on a 2007 Saturn Vue, shall be paid $12,365.35 with interest at 5.25%. The Creditor will receive adequate protection payments of $124.00 per month. The balance of the claim shall be classified and paid as an unsecured non-priority claim. Within thirty (30) days of either the entire Wells Fargo debt balance being paid in full or entry in the Court's records of a discharge in favor of the Debtors pursuant to the 11 U.S.C. 1328, Wells Fargo shall release its lien against the subject personal property.

(5) <u>Unsecured Priority Claims:</u>

(a) None.

(6) <u>Surrendered Property.</u> Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance

In Re: Hoesch, Alice ; Case No. 2:10-bk-25414-GBN

Page 4

remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

    (a)    None.

(7) <u>All Other Provisions:</u> Debtor has filed a complaint pursuant to 11 U.S.C 506(a) and Bankruptcy Rule 3012 styled Hoesch et al v. Bank of America, Adversary No. 2:13-ap-00072-GBN seeking the Court's avoidance of the Bank of America's junior mortgage lien against their principle residence. The Court's final ruling in said Adversary Proceeding is hereby incorporated into this order by reference as though fully set forth.

(8) <u>Unsecured Non-priority Claims</u>. All other claims shall be classified as unsecured and non-priority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328

In Re: Hoesch, Alice ; Case No. 2:10-bk-25414-GBN

Page 5

(D) EFFECTIVE DATE AND VESTING. The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

Property of the estate vests in Debtors upon confirmation.

### DATED AND SIGNED ABOVE

Approved as to Form and Content By:

_____
Edward J. Manney, Trustee

_____
Adam E. Hauf, Attorney for Debtor

_____
Tiffany and Bosco, P.A.

The Debtor certifies: All required State and Federal income tax returns have been filed. No Domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
Debtor Signature

In Re: Hoesch, Alice ; Case No. 2:10-bk-25414-GBN

Page 6